SHUNK MANUFACTURING COMPANY, INC. v.
CHARLES E. BATES, d.b.a. LITCHFIELD
STEEL COMPANY OF LITCHFIELD.*

238 N. W. 2d 619.

January 23, 1976—No. 45331.

---

[1] The rules did not become effective until July 1, 1975, and therefore Rule 4.02, subd. 5, is inapplicable to this case.

* Certiorari denied, 429 U. S. 855, 97 S. Ct. 151, 50 L. ed. 2d 131 (1976).

486

*Charles E. Bates,* pro se, for appellant.

*Willette, Kraft & Walser, DePaul D. Willette* and *Patrick J. Casey,* for respondent.

PER CURIAM.

This appeal arises from an action brought by plaintiff for recovery of money owed. Defendant denied owing as much as plaintiff claimed and filed a counterclaim for actual and punitive damages resulting from alleged unlawful practices of plaintiff, including fraud, coercion, monopoly, conspiracy, usury, and price-fixing. Defendant alleged that these unlawful practices constituted violations of Federal antitrust laws and other applicable state antitrust laws. The trial court held that it did not have jurisdiction to decide whether plaintiff had violated Federal antitrust laws and that defendant had not proved any violations of applicable state antitrust laws. The trial court found that defendant was indebted to plaintiff in the sum of $3,649.97, less a credit claimed by defendant of $687.36, for a net total due from defendant to plaintiff of $2,962.61.

On this appeal from judgment, defendant, acting as his own attorney, raises numerous issues and makes a number of attacks on the fairness and impartiality of the trial court. Defendant's brief is not in proper form, but we have made every effort to consider all the issues raised by defendant. Without going into detail, we believe it sufficient to say that the trial court was very patient with defendant and treated defendant fairly and impartially. Because of the nature of the claims made by defendant, we have painstakingly reviewed the record and find absolutely no merit to any of the issues which have been raised by defendant on this appeal.

Affirmed.